```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
ALEXANDRA FIALLOS, as Parent and Natural                             :
Guardian of L.V., and ALEXANDRA FIALLOS,                             :
individually,                                                        :
                                                                     :       25-CV-7281 (JMF)
                              Plaintiff,                             :
                                                                     :      MEMORANDUM OPINION
              -v-                                                    :           AND ORDER
                                                                     :
MELISSA AVILES-ARMOS et al.,                                         :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 9, 2025, Plaintiff Alexandra Fiallos filed an emergency motion seeking a temporary restraining order and preliminary injunction — specifically, for an order compelling the Department of Education ("DOE") "to immediately issue payments for outstanding tuition, transportation and nursing services, where applicable, as pendency for Plaintiff-Students [sic] for the 2025-2026 school year." ECF No. 40. Remarkably, the motion is Plaintiff's *third* emergency motion for a temporary restraining order and preliminary injunction in this case, which was little more than one month old. *See* ECF Nos. 5, 22. Even more remarkably, the new motion seeks the exact same relief as Plaintiff's second motion, *see* ECF No. 22, which the Court summarily denied in a telephone conference held on September 18, 2025, *see* ECF No. 39-1 ("Tr."). In fact, the bulk of Plaintiff's new memorandum of law appears to be a verbatim copy of her earlier memorandum of law. *Compare* ECF No. 41 *with* ECF No. 25.

The only material difference between Plaintiff's earlier motion and her new motion appears to be a set of new allegations and arguments to the effect that a failure to grant relief would jeopardize Plaintiff-Student's placement at iBrain because the school is in financial straits

and "at risk of collapse." ECF No. 41, at 2; *see id.* at 11-12, 14; *see also* ECF No. 42, ¶¶ 21-30. But those allegations and arguments are hard to credit given that, just weeks ago, Plaintiff's counsel conceded on the record that there was no evidence that Plaintiff-Student's placement at iBrain was at risk, *see* Tr. 15, and implied that iBrain could go "four month, five months, six months" without payment before there was any risk of it "shutting down" or "the student . . . being evicted," *id*. at 16.  In any event, Plaintiff could have made those allegations and arguments in her earlier motion, as iBrain's financial circumstances were known, or at least reasonably foreseeable, at that time.  Put simply, Plaintiff's motion appears to be an improper motion for reconsideration — and merely her (and counsel's) latest attempt to improperly jump the queue.  *See* Tr. 25-26; *see also Mendez v. Banks*, 65 F.4th 56, 60-63 (2d Cir. 2023); *cf. Neske v. New York City Dep't of Educ.*, No. 22-2962-CV, 2023 WL 8888586, at *2 (2d Cir. Dec. 26, 2023) (summary order) (chastising iBrain and its counsel for their efforts to "force the DOE to reimburse tuition costs at [iBrain] without having to go through the normal collaborative process" and "orchestrat[ing]" a "broader campaign to disrupt the IEP creation process").

In light of the foregoing, the Court denies Plaintiff's motion for a temporary restraining order.  The Court will reserve judgment pending briefing on Plaintiff's motion for a preliminary injunction.  Unless and until the Court orders otherwise, Defendants shall file any opposition to that portion of the motion by **October 23, 2025**; and Plaintiff shall file any reply by **October 30, 2025**.  That said, the Court is inclined to believe that Plaintiff's motion puts iBrain's financial circumstances and health at issue and that limited discovery on that front, including but not limited to a deposition of Plaintiff's declarant, *see* ECF No. 42, may be appropriate.  To that end, the parties shall promptly confer and, no later than **October 15, 2025**, file a joint letter indicating their views on whether the Court should authorize such discovery in connection with Plaintiff's

motion and, if so, proposing the scope of, and a schedule for, such discovery (as well as any appropriate modifications to the briefing schedule set forth above).

Further, to facilitate Defendants' review of Plaintiff's latest motion — not to mention, the Court's assessment of whether sanctions might be appropriate for the frivolous re-filing of a previously rejected motion — Plaintiff shall, no later than **October 15, 2025**, file a redline showing all differences between the memorandum of law that she filed in support of her second emergency motion, *see* ECF No. 25, and her most recent memorandum of law, *see* ECF No. 41. Additionally, no later than the **same date**, Defendants shall file a letter advising when the DOE anticipates making payments to Plaintiff in accordance with the Pendency Order and, if payment is not expected by **October 22, 2025**, the reasons for any further delay. Finally, Defendants shall promptly alert the Court if or when the IHO issues a ruling on Plaintiff's DPC.

SO ORDERED.

Dated: October 10, 2025
      New York, New York

                                         JESSE M. FURMAN
                                  United States District Judge