

November 4, 2025

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Fiallos v. Aviles-Ramos et al.*, 25-cv-7281 (JMF)

Dear Judge Furman:

Plaintiff respectfully submits this letter to inform the Court of a recent decision issued in *Crespo et al. v. Aviles-Ramos et al.*, 25-cv-7563 (JAV), and requests that this Court reconsider its decision to proceed with a briefing schedule on Defendants' proposed motion for sanctions in this matter.

On October 29, 2025, Judge Jeannette A. Vargas issued an Opinion and Order in *Crespo et al. v. Aviles-Ramos et al.*, 25-cv-7563 (JAV), Dkt. No. 38, granting, in part, Plaintiffs' third motion for a preliminary injunction under §1415(j) without regard to irreparable harm, or the other traditional preliminary injunction factors. While Judge Vargas denied the Plaintiffs' request for *immediate* payment, she granted the Plaintiffs' request to declare that the Plaintiffs' pendency program was their private program/placement and that the DOE had an obligation to fund the placement in the ordinary course.

More specifically, Judge Vargas "declare[d] iBRAIN as B.T. and V.P.'s pendency placement and require[d] DOE to fund their placement at iBRAIN from the date they filed their DPC until the challenge to their most recent IEP is resolved." Dkt. No. 38 at 20. The Court declined to order immediate payment, citing *Mendez v. Banks*. However, Judge Vargas recognized that "students may seek injunctive relief in federal court to enforce their rights under the stay-put provision without first seeking a pendency order at the administrative level at all." *Id.* at 16 (citing *Murphy*, 297 F.3d at 199; *Cruz*, 2019 WL 147500, at *8). Notably, Judge Vargas also found:

> While DOE can determine how best to provide the pendency educational program, nothing in *De Paulino* suggests that DOE can simply refuse to fund a student at their prior school and simultaneously refuse to offer an alternate equivalent placement. Yet that is precisely what DOE has done in this case. . . . DOE is violating this legal obligation by refusing to process any pendency payments for these students. Given how insubstantial many of

DOE's arguments are, ***the Court is concerned that DOE is not operating in good faith with respect to these students***.

*Id.* at 13-14 (emphasis added).

Additionally, the Second Circuit has scheduled oral argument in *Bruckauf v. Aviles-Ramos* (25-1355) and a companion case, *Ramos v. Banks* (25-1321), for December 18, 2025. Plaintiffs hope that the Second Circuit will clarify that a Plaintiff need not show irreparable harm to obtain a pendency order establishing the Students' stay-put placement, and the DOE's obligation to fund the placement and related services (tuition, special transportation, etc.) in its "ordinary course."

Given the *Crespo* decision and the forthcoming oral arguments in *Bruckauf* and *Ramos* before the Second Circuit, Plaintiff respectfully insists that her motions here for preliminary injunction were made in good faith and do not rise to the level of frivolousness that would justify consideration of sanctions under Rule 11. Plaintiff, therefore, humbly requests that the Court kindly reconsider its decision to proceed with a briefing schedule on motions at this time.

Plaintiff thanks the Court for its courtesy and consideration in this matter.

Respectfully submitted,

*Nicole Lancia*

Nicole Lancia, Esq.