

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICHOLAS R. TAMBONE**
Assistant Corporation Counsel
Phone: (212) 356-8767
Email: ntambone@law.nyc.gov

November 6, 2025

**By ECF**

Hon. Jesse M. Furman
U.S. District Court, Southern District of New York
U.S. Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

**Re:**  *Fiallos v. Aviles-Ramos*, **No. 25-cv-07281-JMF**

Dear Judge Furman:

This Office represents Defendants in this action. I write in response to the Donohue Firm's improper November 4, 2025 letter motion for reconsideration of the briefing schedule on Defendants' forthcoming motion for sanctions. Under Local Civil Rule 6.3, a motion for reconsideration must be brought by notice of motion and must set forth matters or controlling decisions that "the moving party believes the court has overlooked." The Donohue Firm's November 4 letter does not comply with these requirements, in the latest example of the Donohue Firm flouting the Court's rules and directives.

Moreover, the Donohue Firm's letter adds to their sanctionable conduct by omitting key rulings against them that should have been disclosed in accordance their professional obligation to be candid with a tribunal.[1] The Donohue Firm's letter motion for reconsideration relies entirely on Judge Vargas' October 29, 2025 opinion and order in *Crespo v. Aviles-Ramos*, No. 25-cv-07563 (JAV), which they notably declined to attach to their letter. (A copy of Judge Vargas' October 29, 2025 decision is enclosed here.) The Donohue Firm's letter motion contends that sanctions are not warranted because Judge Vargas' decision "grant[ed], in part, Plaintiffs' third motion for a preliminary injunction under § 1415(j) without regard to irreparable harm, or the other traditional preliminary injunction factors." (ECF No. 63 at 1.) That is a blatant mischaracterization of Judge Vargas' decision.

Defendants' forthcoming motion for sanctions will focus on the Donohue Firm's repeated motions for "emergency" injunctive relief under Rule 65 that they know full well they are not entitled to. In *Crespo*, the Donohue Firm filed three "emergency" motions that were

---

[1] This is not the first time in this case that the Donohue Firm has failed to disclose a contrary ruling by another judge. *See Fiallos v. Aviles-Ramos*, No. 25-CV-7281-JMF, 2025 U.S. Dist. LEXIS 206461, at *16 n.7, 2025 WL 2961624 (S.D.N.Y. Oct. 20, 2025) ("After Judge Cronan ruled that joinder was improper . . . counsel turned around and filed this lawsuit on behalf of the fourteen dismissed plaintiffs under a nearly identical theory. Incredibly, counsel made no mention of Judge Cronan's ruling.").

Hon. Jesse M. Furman
Page 2

virtually identical to the three "emergency" motions the Donohue Firm filed here, in *Fiallos*. By order dated September 19, 2025, Judge Vargas denied the Donohue Firm's first and second "emergency" motions. (*Crespo*, ECF No. 21; Oct. 29, 2025 Decision at 17.)

Following those denials, the Donohue Firm filed a third "emergency" motion in *Crespo* that "essentially seek[s] to relitigate this Court's prior denial of their TRO/PI." (*Crespo*, Oct. 29, 2025 Decision at 18.) As in this case, the only new fact the Donohue Firm presented was "that DOE's withholding of tuition payments has imperiled iBRAIN's operations." (*Id.*) Judge Vargas was puzzled "why such evidence was unavailable when they filed their second TRO/PI application in this case." (*Id.*) Judge Vargas held, "The stay-put provision certainly does not make DOE responsible for a private school's continued financial viability." (*Id.* at 19.) And Judge Vargas once again held that the Donohue Firm's request for immediate pendency funding was barred by *Mendez*. (*Id.*)

Thus, Judge Vargas' October 29, 2025 decision is no basis for the Donohue Firm to avoid Defendants' forthcoming motion for sanctions. Instead, Judge Vargas' ruling is yet another judicial decision rejecting the Donohue Firm's attempt to obtain a preliminary injunction under Rule 65 on an "emergency" basis.

Judge Vargas' October 29, 2025 decision separately held that the Donohue Firm was entitled to an "automatic injunction" declaring iBrain to be the students' pendency placement and requiring the DOE to fund the placements "in the ordinary course." (*Id.* at 11, 20.) The DOE does not contest that the student-plaintiffs in *Crespo* have pendency at iBrain. While the parties did dispute the basis of pendency for one student in that action, and the DOE raised concerns about piecemeal implementation of an administrative order that plaintiffs have appealed to an SRO, the DOE intends to comply with Judge Vargas' order in the ordinary course of business.

The issues before Judge Vargas were not at issue here, where Fiallos' child, L.V., received an administrative pendency order on September 15, 2025, which the DOE complied with in the ordinary course. Defendants further note that Judge Vargas' October 29, 2025 decision did not address this Court's observation that the parent does not appear to have "suffered an injury-in-fact sufficient to establish standing to maintain her suit in this Court." *Fiallos*, 2025 U.S. Dist. LEXIS 206461, at *18.

At any rate, that Judge Vargas ruled against the DOE on the "automatic injunction" issue in *Crespo* does not mean, as the Donohue Firm contends in their November 4 letter, that the "motions here for preliminary injunction were made in good faith and do not rise to the level of frivolousness that would justify consideration of sanctions under Rule 11." (ECF No. 63 at 2.) Nor does the Donohue Firm's November 4 letter justify their filing of a declaration in this action asserting that iBrain is having financial difficulties (ECF No. 42), and then withdrawing their pending motion, and voluntarily dismissing this action, after the Court ordered discovery as to whether the declaration was truthful.

Indeed, while the Donohue Firm's improper letter motion for reconsideration focuses on a portion of Judge Vargas' October 29, 2025 decision, they omit any mention of Judge McMahon's October 30, 2025 decision threatening to impose sanctions *sua sponte*. *Mendez v. Aviles-Ramos*, No. 25-cv-5746 (CM), 2025 U.S. Dist. LEXIS 214472, at *11, 2025 WL 3033725 (S.D.N.Y. Oct. 30, 2025) ("If Plaintiff withdraws her emergency motion or files a

notice of voluntary discontinuance of this lawsuit in response to the discovery order, this Court intends to issue a *sua sponte* order demanding that both attorneys and the Liberty & Freedom Legal Group LLC show cause why they should not be sanctioned for making misrepresentations to the court about iBRAIN's financial status.") A copy of Judge McMahon's October 30, 2025 decision is enclosed.

As Defendants were about to file this letter, we received an ECF bounce that the Donohue Firm has filed an interlocutory appeal from the Court's October 24, 2025 order "retaining jurisdiction over any request for sanctions," and from the Court's alleged "failure to rule on the Plaintiff's motion for reconsideration filed on November 4, 2025." (ECF No. 64.) The Donohue Firm's appeal does not fit into any of the narrow grounds for an interlocutory appeal set forth in 28 U.S.C. § 1292. We are baffled by the Donohue Firm's behavior.

In sum, the Donohue Firm's improper letter motion for reconsideration should be rejected, and Judge Vargas' October 29, 2025 decision is not a valid basis for the Donohue Firm to escape a motion for sanctions. Defendants thank the Court for its consideration of this letter.

                Respectfully submitted,

                */s/ Nicholas R. Tambone*

                Nicholas R. Tambone
                Assistant Corporation Counsel

Enclosures

cc:  Counsel of record (by ECF)