UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALEXANDRA FIALLOS, as parent and natural guardian of L.V., and ALEXANDRA FIALLOS, individually, Plaintiffs, -v- KAMAR H. SAMUELS et al., Defendant. | : | 25-CV-7281 (JMF) MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

On July 17, 2026, the Court filed an Opinion and Order (the "Opinion") — familiarity with which is presumed — that granted in part and denied in part the motion of the New York City Department of Education ("DOE") to impose sanctions on the Liberty and Freedom Legal Group ("LFLG"), Nicole Lancia, and Rory J. Bellantoni for repeatedly making improper motions for "emergency" injunctive relief seeking pendency payments under the Individuals with Disabilities Education Act ("IDEA"). *See Fiallos v. Samuels*, No. 25-CV-7281 (JMF), 2026 WL 2076004 (S.D.N.Y. July 17, 2026) (ECF No. 85).[1] As relevant here, the Court found that LFLG's second motion for emergency injunctive relief was "frivolous within the meaning of Rule 11(b)(2)" of the Federal Rules of Civil Procedure, *id.* at *11, but it declined to impose sanctions on that basis because it found that Rule 11's "safe harbor" provision had not been

[1] LFLG previously attempted to appeal (1) an earlier order by the Court merely stating that it retained jurisdiction over any request for sanctions notwithstanding LFLG's voluntary dismissal of the case; and (2) the Court's purported "failure to rule" on a motion for reconsideration LFLG filed in response to the Court adopting the DOE's proposed schedule for briefing its sanctions motion. *See* ECF No. 66. On July 10, 2026, the Second Circuit dismissed that appeal for lack of jurisdiction and the mandate issued on July 31, 2026. *See* ECF No. 88.

satisfied as to that motion or LFLG's third motion for emergency injunctive relief, *see id.* at *9, *11. The Court did, however, impose nonmonetary sanctions pursuant to Rules 11(b)(1) and 11(b)(3) for LFLG's first emergency motion after finding that it lacked "even a scintilla of evidentiary support for its contention that it required emergency relief" and that it was filed for the "improper purpose of harassing the DOE." *Id.* at *11-12. Additionally, it found that the firm's litigation conduct had "unreasonably and vexatiously" multiplied the proceedings and, on that basis, imposed monetary sanctions pursuant to 28 U.S.C. § 1927. *Id.* at *14. To deter that behavior in the future, the Court required that (1) LFLG, Lancia, and Bellantoni reimburse the DOE for all its attorneys' fees and costs in the action; (2) LFLG docket a copy of the Court's Opinion in every IDEA case in which it is involved, in any court in the country within thirty days; and (3) LFLG attach a copy of the Court's Opinion and a sworn declaration of an attorney to any motion seeking "emergency" injunctive relief for pendency payments under the IDEA for a period of three years. *See id.* at *16.

On July 31, 2026, LFLG filed a motion for partial reconsideration of the Opinion. *See* ECF No. 86; *see also* ECF No. 87 ("LFLG Mem.").[2] In its memorandum of law in support of the motion, LFLG claims that it "does not reargue the merits of [DOE's] sanctions motion" but instead raises "five discrete matters" that it believes the Court overlooked or erred in deciding. LFLG Mem. 1. First, it claims the Court misstated a representation made by Bellantoni during a conference and erroneously relied on that misstatement to make the finding of bad faith required to impose sanctions. Second, it argues the Court erred in awarding monetary sanctions for all of

[2] In light of that motion, the Court extended LFLG's deadline to comply with the sanction that it docket a copy of the Opinion in every IDEA case in which it is involved until "fourteen days after the Court resolves the present motion for partial reconsideration," ECF No. 95, at 1, because LFLG's motion for partial reconsideration requested vacatur of that sanction and "failure to stay [it] would render [the motion for reconsideration] moot," *id.*

DOE's attorneys' fees and costs in the action. Third, it contends that the sanctions imposed on Lancia and Bellantoni individually — as opposed to LFLG as a firm — were unsupported by the findings made in the Opinion. Fourth, it urges the Court to vacate the sanction that it be required to docket a copy of the Opinion in every IDEA case in which it is involved and to reduce the duration of the sanction that it attach a copy of the Opinion and sworn attorney declaration to every future emergency request for pendency payments from three years to eighteen months. Finally, it requests that the Court make certain admittedly non-substantive corrections to its Opinion to conform it to the record. *See id.* For the reasons that follow, LFLG's partial motion for reconsideration is GRANTED in part and DENIED in part.[3]

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec.*

[3] On August 17, 2026, LFLG noticed yet another appeal of the Court's Opinion even though briefing had not yet concluded on the pending motion for reconsideration. *See* ECF No. 96. That appeal has been stayed until resolution of this motion. *See* ECF No. 99.

*ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

The Court will address each of LFLG's five grievances in turn. First, LFLG complains that the Opinion mischaracterized Bellantoni's statements during a September 18, 2025 conference as "expressly represent[ing]" that iBrain could continue operating for several months without pendency payments, when, in LFLG's view, he was really providing a "conditional hypothetical" to "address[] a question of law." LFLG Mem. 2-3. That argument is mere quibbling over semantics. At the September 18, 2025 conference, the Court asked if LFLG could "point to any evidence in the record that[] a delay or failure to pay . . . has jeopardized the student's . . . educational placement at iBrain?" ECF No. 61 ("Tr."), at 15. Bellantoni responded, in relevant part, as follows:

> Your honor, we're not making that claim yet. We have not gotten there. The reliance or what we're relying on, necessarily, more so than the irreparable harm, is the automatic injunction that's still intact after *Mendez* [*v. Banks*, 65 F.4th 56 (2d Cir. 2023)], to seek an injunction to establish pendency. And I understand that the order was issued Monday. It's the DOE, and if it represents that they're not going to appeal that, then we're in a different situation. If they're still going to appeal it, and it's not a final order, then we'd be where we were before, without a pendency order. *So, as far as harm to the student yet, not yet, Judge. I can't say that. But if we go — I don't know where that deadline is delineated if payment isn't made for four months, five months, six months, and the school is on the verge of shutting down or the student is being evicted, eventually, if that happens, yes.* But I'm not seeking that yet. I'm not seeking the automatic injunction with respect to payment.

Tr. 15-16 (emphasis added). As the full exchange makes clear, the Court asked Bellantoni a question of fact, not a question of law, namely whether he had any evidence to show that any

student's placement at iBrain was in jeopardy, as required by the Second Circuit in *Mendez*. Bellantoni stated, in sum and substance, that he did not have any such evidence but that he would "if payment [was]n't made for four months, five months, six months" and the "school [was] on the verge of shutting down . . . ." Tr. 16. That is an "express" representation that iBrain could continue operating for months.[4] In any event, even if the Court were convinced by LFLG's *post hoc* recharacterization of Bellantoni's words, it still would not "alter the conclusion[s] reached by the court," *Medisim*, 2012 WL 1450420, at *1, to wit that LFLG acted in bad faith so as to warrant sanctions pursuant to Section 1927. That conclusion was supported by several other pieces of evidence, including the lack of merit in its "emergency" filings, its disproportionate use of these types of tactics in dozens of cases across this District and the Eastern District of New York, and its repeated attempts to circumvent *Mendez*. *See Fiallos*, 2026 WL 2076004, at *13-14. Accordingly, LFLG's first contention must be and is rejected.

LFLG's next request — that the Court limit its monetary sanctions imposed under Section 1927 to those fees and costs incurred by the DOE in defending against its motions for injunctive relief — has more merit. In *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), the Supreme Court held that a court imposing fee-shifting sanctions on a party pursuant to its inherent authority could "shift only those attorney's fees incurred because of the misconduct at issue." *Id.* at 108. Put differently, the standard is "but-for" cause: "The complaining party . . . may recover only the portion of his fees that he would not have paid but for the misconduct." *Id.* at 109 (cleaned up). And given that sanctions imposed pursuant to a

[4] LFLG argues in the alternative that Bellantoni's representations were accurate because the October 9, 2025 filing that claimed the school was on the verge of shutting down came three months after it filed a Due Process Complaint in July 2025 on behalf of Plaintiff. *See* ECF No. 87 ("LFLG Mem."), at 4. But the suggestion that Bellantoni meant to retroactively date his representations to two months prior to when he made them is risible.

court's inherent authority and Section 1927 are governed by essentially identical standards, *see Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), that but-for cause standard likely applies to this case as well. Here, the misconduct the Court found sanctionable under Section 1927 was LFLG's repeated filing of baseless requests for emergency injunctive relief. *See Fiallos*, 2026 WL 2076004, at *13-14. Those motions were, in turn, the but-for cause of the subsequent litigation over the motion for sanctions. Fee-shifting is thus proper as to all of that.[5] But as LFLG points out, there were other aspects of this litigation that had nothing to do with that sanctionable conduct, including motion practice over improper joinder, *see* ECF No. 21, and reporting on the status of pendency payments, *see* ECF No. 46. Fee-shifting as to those aspects of the case is therefore improper. To be sure, *Goodyear* contemplates the possibility that a court could make a "blanket award" of all fees "[i]f a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior," 581 U.S. at 110, but the Court did not make any such finding in its Opinion. Accordingly, the monetary sanction is hereby MODIFIED to require LFLG, Lancia, and Bellantoni to reimburse the DOE for only the attorney's fees and costs that it incurred in defending against LFLG's repeated emergency motions for injunctive relief and litigating the sanctions motion, not the entire case.

LFLG next argues that the individual monetary sanctions the Court imposed on Lancia and Bellantoni are improper because the Court did not "identify, motion by motion, the conduct attributable to each sanctioned attorney." LFLG Mem. 6. Setting aside for a moment that the docket makes eminently clear which attorney made which submissions, this argument falls flat

[5] Contrary to LFLG's position, *see* LFLG Mem. 5, fee-shifting is appropriate as to all three of its "emergency" motions. Although the Court found that the first such motion did not contain frivolous arguments, *see Fiallos v. Samuels*, No. 25-CV-7281 (JMF), 2026 WL 2076004, at *9 (S.D.N.Y. July 29, 2026), it expressly held that it was sanctionable pursuant to Rules 11(b)(1) and 11(b)(3) of the Federal Rules of Civil Procedure, *see id.* at *11-12.

because LFLG identifies no authority — and the Court has found none — imposing such a requirement. The cases it cites for that proposition — *Rossbach v. Montefiore Medical Center*, 81 F.4th 124, 143-44 (2d Cir. 2023), and *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (per curiam) — state only that a court must make an explicit finding of bad faith to impose Rule 1927 sanctions, which the Court expressly did. *See Fiallos*, 2026 WL 2076004, at *13. Indeed, such a requirement would be inconsistent with the fact that "Section 1927 violations do not hinge on the presence of a paper," but rather "invite[] attention to a course of conduct." *Fiallos*, 2026 WL 2076004, at *13. And it would also be at odds with the Second Circuit's rule that courts may impose Section 1927 sanctions on a law firm for a course of conduct without necessarily imposing sanctions on an individual attorney. *See Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 147 (2d Cir. 2012); *see also Reichmann v. Neumann*, 553 F. Supp. 2d 307, 327 (S.D.N.Y. 2008) (imposing sanctions on attorney and firm). Here, both Lancia and Bellantoni participated in the sanctionable course of conduct by putting their names on filings that lacked evidentiary support and were filed for improper purposes and then attempting to defend those filings in appearances before the Court. To the extent their concern is motivated by the question of how to apportion liability, *see* LFLG Mem. 6, the Court clarifies that LFLG, Bellantoni, and Lancia are jointly and severally liable for the fees in question. *See Rabin v. Dow Jones & Co.*, 665 F. App'x 21 (2d Cir. 2016) (summary order) (affirming joint and several Section 1927 liability).[6]

---

[6] In its opening brief, LFLG briefly argues that the DOE's safe-harbor letters failed to present Lancia and Bellantoni with adequate notice under Rule 11 because it did not identify them as respondents. *See* LFLG Mem. 7. But it all but abandons that argument in its reply, stating only that it "preserve[s] . . . that the served Rule 11 notice named LFLG alone." ECF No. 98 ("LFLG Reply"), at 4. To the extent that LFLG did not abandon the argument, it is rejected. First, Rule 11 requires only that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare

Finally, the Court rejects LFLG's last substantive request — that the Court vacate the sanction requiring LFLG to docket a copy of the Court's Opinion in every IDEA case in which it is involved and reduce the duration of the sanction that they attach a copy of the Opinion and sworn attorney declaration to every future emergency request — substantially for the reasons set forth in the DOE's opposition brief. *See* ECF No. 97 ("DOE Mem."), at 9-12. As to the first sanction, the Court finds it is entirely justified by the record of this case and, more specifically, by "[LFLG's] patten of misconduct before many judges of the Southern District of New York." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 292 (2d Cir. 2021). And it is necessary to deter LFLG by ensuring that every judge with pending IDEA matters brought by LFLG is aware of its conduct. As to the second sanction, LFLG provides no reason, other than its *ipse dixit*, to shorten the duration from three years to eighteen months, which is a decision plainly committed to the Court's discretion. Indeed, as the DOE points out, "[a] three-year period is a reasonable response to a seven-year pattern that numerous litigation losses alone have failed to correct." DOE Mem. 11. LFLG's rejoinder that this sanction should be rejected because it "exceeds the relief the DOE requested," LFLG Mem. 8, fares little better. Rule 11(c)(4) does not require conformance with a party's request, but instead authorizes a court to order whatever relief is "sufficient, but no greater than necessary, 'to deter repetition of the conduct or comparable conduct by others similarly situated.'" *Fiallos*, 2026 WL 2076004, at *15 (quoting FED. R. CIV. P. 11(c)(4)). That describes the sanctions the Court has ordered in this case.

---

a defense." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). The safe-harbor letters indisputably provided that information. Second, the basis for the Court's sanctions on Lancia and Bellantoni was Section 1927, not Rule 11, so whether they were named as respondents in those safe-harbor letters is besides the point.

Finally, LFLG requests that the Court correct certain clerical errors in its Opinion. *See* LFLG Mem. 8-10. The Court agrees that corrections are in order as to statements of certain statistics. LFLG has had fifty-one, not fifty-five, emergency motions for injunctive relief denied for failure to demonstrate irreparable harm. *Compare Fiallos*, 2026 WL 2076004, at *4, *with* ECF No. 72 ("Pantalony Decl."), ¶ 11. And similarly, LFLG's cases accounted for over 80% of all emergency motions filed against the DOE between June 2023 and November 2025, not 75% of all emergency filings between 2019 and November 2025, *compare Fiallos*, 2026 WL 2076004, at *4, *with id.* at *13. But the remainder of LFLG's proposed corrections are again, semantic quibbles with the Court's characterizations and are rejected for the reasons explained in the DOE's opposition brief. *See* DOE Mem. 9. And in any case, they would not "alter the conclusion[s] reached by the court.'" *Medisim*, 2012 WL 1450420, at *1.

For the foregoing reasons, LFLG's motion for reconsideration is GRANTED in part and DENIED in part. The Court will issue an amended version of its July 17, 2026 Opinion and Order reflecting the changes discussed herein. Consistent with the Court's August 14, 2026 Order, ECF No. 95, Plaintiffs shall docket a copy of the Amended Opinion and Order in every pending IDEA case **no later than fourteen days from the date of this Memorandum Opinion and Order**. Additionally, the parties shall meet and confer in an attempt to reach agreement on the amount of attorneys' fees and costs owed to the DOE and, **no later than thirty days after the date of this Memorandum Opinion and Order**, file a joint letter indicating whether the parties have reached agreement or proposing a briefing schedule to resolve any disagreement

The Clerk of Court is directed to terminate ECF No. 86.

SO ORDERED.

Dated: October 2, 2026
New York, New York

JESSE M. FURMAN
United States District Judge