LIBERTY & FREEDOM
LEGAL GROUP, LTD

October 13, 2026

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Fiallos v. Samuels*, No. 25-cv-7281 (JMF) — Letter-Motion for a Stay Pending Appeal of the All-Pending-Cases Directive (ECF No. 101 at 34; ECF No. 100 at 9), for an Administrative Stay of the October 16, 2026 Deadline, and for a Decision by 5:00 p.m. on Wednesday, October 14, 2026.**

Dear Judge Furman:

Movants Liberty & Freedom Legal Group, Ltd. ("LFLG"), Rory J. Bellantoni, and Nicole Lancia ask the Court to stay, pending appeal, one directive of its October 2, 2026 Amended Opinion and Order (ECF No. 101, the "Amended Opinion"). That directive requires LFLG, within 30 days of the date of the Opinion and Order, to "docket a copy of this Opinion and Order in every pending IDEA case in which it is involved (except for any case pending before the undersigned), in any court in the country, and shall file proof of such filing in this case." Am. Op. at 34 (the "Docketing Directive"). The Memorandum Opinion and Order of the same date sets the deadline at "no later than fourteen days," ECF No. 100 at 9, which is Friday, October 16, 2026. Movants treat that date as controlling.

Movants proceed by letter-motion under Local Civil Rule 7.1(e) and Rules 2(D) and 4(A) of the Court's Individual Rules and Practices, and move under Fed. R. Civ. P. 62(d), Fed. R. App. P. 8(a)(1), as well as the Court's inherent authority over its own orders. Because the deadline is three days away,[1] Movants also request two forms of interim relief. First, an administrative stay of the October 16 deadline while the Court decides this motion. Second, a decision by 2:00 p.m. on Wednesday, October 14, 2026, so that, if the Court denies relief, Movants can apply to the Court of Appeals under Fed. R. App. P. 8(a)(2) before the deadline runs.

This is the second request regarding this deadline; the first, ECF No. 92, was partially granted by ECF No. 95. No other deadlines or appearances in this case are affected.

[1] The Movants would have made this motion sooner; however, the undersigned was ill from October 2 until the end of last week, and this is the first opportunity the undersigned has had to prepare this application. The Movants regret the compression this places on the Court and on Defendants and have asked Defendants for their position by noon today so that the Court will have it.

**Conferral.** On October 13, 2026, at 9:07 a.m., the undersigned e-mailed Nicholas R. Tambone, Esq., counsel for Defendants, describing each form of relief requested in this letter and asking for Defendants' position on each item by 12:00 p.m. Defendants' position is as follows:

> DOE objects to receiving less than three hours to respond. Although Mr. Bellantoni has explained that he was ill from October 2 through late last week, no explanation has been given for why Ms. Lancia or another LFLG attorney could not have conferred with DOE's counsel sooner. DOE opposes Movants' request for a stay pending appeal, the administrative stay, and each of the alternative requests. DOE opposes clarification as to the deadline, which is October 16. DOE takes no position on when the Court rules, but Movants remain obligated to comply with that deadline absent a stay, and the timing problem is of Movants' own making: they waited until three days before the deadline to seek relief. DOE opposes clarification as to the proof-of-filing requirement and the carve-out for cases before Judge Furman: both clearly still apply. DOE requests an opportunity to respond to the motion, particularly given the short notice, and will explain the bases for its opposition in its response to the Court.

**What Movants ask the Court to stay, and what they do not.** This motion concerns only the Docketing Directive. Movants do not seek a stay of the monetary sanction, the meet-and-confer process, or the three-year directive requiring that any emergency pendency motion include a copy of the Opinion and a sworn attorney declaration. Am. Op. at 34. This directive has been in force since July 17, 2026, and will remain in force throughout the appeal. The Court has already treated the two directives separately. The Court extended only the docketing deadline pending reconsideration, because "failure to stay the All-Pending Cases Sanction would render it moot." ECF No. 95 at 1. The same is true of the appeal.[2]

**The appeal, and why the Docketing Directive is reviewable now.** Movants noticed an appeal from the July 17 Opinion on August 17, 2026 (ECF No. 96), docketed as Second Circuit No. 26-2311. The Court of Appeals held the appeal pending this Court's decision on reconsideration. ECF No. 99.

The Court decided reconsideration on October 2, 2026. ECF Nos. 100, 101. On October 13, 2026, Movants filed an Amended Notice of Appeal under Fed. R. App. P. 4(a)(4)(B)(ii), ECF No. 102, designating ECF Nos. 85, 100, and 101.

Movants address appellate jurisdiction first because the Court of Appeals will. On an application for interim relief, a court "may consider both the likelihood that [it has] jurisdiction and the likelihood that the claim will succeed on the merits." *Mullin v. Doe*, 609 U.S. 324, 346 (2026) (plurality opinion). Movants are candid about this limitation. The monetary sanction has not been reduced to a sum certain, and the Second Circuit will not review such an award until it has been. *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 84–85 (2d Cir. 1993); *Pridgen v. Andresen*, 113 F.3d 391, 393–94 (2d Cir. 1997). Movants do not seek review of the fee award at this time.

The Docketing Directive stands on a different footing, for two independent reasons. First, the Directive is, in substance, an injunction. An order not labeled an injunction is appealable under

[2] Movants reserve the right to challenge each of those provisions on appeal. They simply do not ask the Court to stay them here.

28 U.S.C. § 1292(a)(1) if it has the "practical effect" of one, threatens "serious, perhaps irreparable, consequence," and can be "effectually challenged" only by immediate appeal. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83–84 (1981); *Abbott v. Perez*, 585 U.S. 579, 594–95 (2018).

The Directive commands LFLG to perform affirmative acts in other courts by a specified date, subject to contempt. The rule that an order "relat[ing] only to the conduct or progress of litigation before that court" is not an injunction, *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988), does not extend to a directive governing conduct in other courts in an action dismissed a year ago. *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198 (1999) held that a Rule 37 sanction is not final because it is bound up with the merits that the client's appeal from final judgment will bring up, and because such a sanction "lacks any prospective effect and is not designed to compel compliance."

Neither premise holds here. No client appeal will carry the Directive to the Court of Appeals, and the Directive is prospective and coercive by design. Movants must comply before review or be subject to contempt, which is the situation *Cunningham* itself identified as one in which deferred review leaves an injury that "may not be possible to repair." *Id.* at 207–08 (quoting *E. Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 949–50 (3d Cir. 1981)).

The Court of Appeals has exercised § 1292(a)(1) jurisdiction over the injunctive component of a sanctions order. *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 626–27 (2d Cir. 2018). And two weeks ago, the Eleventh Circuit, on a motion to stay a post-dismissal Rule 11 order entered while fee proceedings remained open, held that a nonmonetary sanction containing a "clear and understandable directive" that is "enforceable through contempt proceedings" was likely appealable under § 1292(a)(1), because the sanction "is in effect now." *Trump v. IRS*, No. 26-12692, 2026 WL 2931539, at 6 (11th Cir. Sept. 29, 2026). That court denied the stay on the merits and, citing *Cunningham*, doubted its jurisdiction over a pro hac vice suspension in the same order. Id. *at* 6–8. The Docketing Directive is the former kind of order. Fed. R. Civ. P. 62(d), in turn, authorizes this Court, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction," to "suspend" that injunction on appropriate terms.

Second, and independently, the Directive took effect on entry and, with the declaration directive, resolves everything Defendants' motion sought except a dollar figure. An immediately effective nonmonetary sanction is final and severable from an unquantified fee award in the same order. *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453–54 (5th Cir. 1998); *In re United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 437–38 (5th Cir. 2019). The Court of Appeals has not decided this question, but *Cooper* holds that the absence of jurisdiction over an unquantified fee sanction "does not taint" jurisdiction over the final decisions entered with it. 1 F.3d at 84.

**The standard.** A stay pending appeal turns on "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Court of Appeals applies the factors on a sliding scale. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer

absent the stay." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quotation omitted). Movants take the factors in the order of their weight here.

**Irreparable injury.** Movants begin with this Court's decision in *Usherson v. Bandshell Artist Mgmt.*, No. 19-cv-6368 (JMF), ECF No. 81 (S.D.N.Y. July 22, 2020), which denied a stay of a docketing sanction pending appeal. The movants there claimed reputational injury from dissemination of findings already reported in the press, but the Court held that the injury flowed from the conduct rather than the sanction and that "the cat is out of the bag." *Id.* at 3–5. Movants do not make that argument. The injury here is different, and this Court has already credited it in this case.

First, compliance ends the appeal as to this Directive. If the Opinion is filed this week in every pending IDEA case in which LFLG appears, and the Court of Appeals later vacates or narrows the Directive, no order can remove the filing from those dockets or from the minds of the judges who will have read it. A corrective notice could follow, but it would not undo the filing. The Court accepted that reasoning when it extended the deadline pending reconsideration, ECF No. 95 at 1, and nothing about appellate review makes this less true.

Second, the injury falls on people who are not before this Court. The filing would go into various cases of families pending in several courts, whose children's claims remain undecided. None of those families were parties to the sanctions motion. Each would have an adverse opinion about their counsel placed in their own case file, before the judge deciding their own case, by order of a court in which they have never appeared. Publication on Westlaw informs. A court-ordered filing in a family's own case does something different, and that difference is what the Directive is designed to accomplish. That is the "serious, perhaps irreparable, consequence" that *Carson* describes. Finally, unlike the movants in *Usherson*, who waited until day twenty-four of thirty, Movants apply on day eleven of fourteen,[3] for the reasons stated in note 1, and sought the same relief promptly after the July 17 Opinion. ECF No. 92.

**Likelihood of success.** Movants do not ask the Court to revisit its findings. They identify the questions the Court of Appeals will be asked to decide, submit that each is serious, and argue that the balance of hardships tips decidedly in their favor. *Mohammed*, 309 F.3d at 101. Rule 11(c)(4) limits a sanction to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." The Court's pattern findings concern filings "in this District and the Eastern District of New York." Am. Op. at 8, 28. The Directive reaches "any court in the country" and every pending IDEA case, including cases in which no emergency pendency motion has been or will be made. Am. Op. at 34.

Movants do not contend that the Court lacks power to order nationwide docketing. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 292–93 (2d Cir. 2021), sustained such a sanction on findings that the attorney had been "violating multiple court orders, repeatedly lying to the court, and pursuing a complaint with a false allegation," and on "a pattern of misconduct before many judges of the Southern District of New York and across the country." *Id.* at 292. The docketing requirement there was one component of a package that also included a $103,500 sanction, service

[3] Or day eleven of thirty given the thirty-day timeline in the Amended Opinion and Order.

on every current client, a year of new-case filings, and deposit-copy requirements, imposed on what this Court called an "extraordinary record of misconduct." *Usherson*, ECF No. 81 at 12.

The Court of Appeals contrasted *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 148 (2d Cir. 2012), where a firm-wide disclosure sanction was confined to pro hac vice applications in this District and the Court remanded for consideration of its temporal and personnel limits. *Id.* The findings here concern two districts, and the only Rule 11 violation the Court found concerns the first emergency motion, Am. Op. at 26, which the Court also held was not frivolous under Rule 11(b)(2). Am. Op. at 19 (quoting *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)). Whether that record places this case on the *Liebowitz* side of the line or the *Enmon* side is a serious question. So is whether docketing in pending cases that involve no emergency motion adds deterrence that the declaration directive, which governs every future emergency motion LFLG files anywhere, does not already supply. Defendants did not ask for the Docketing Directive, Am. Op. at 31–32, and the question of its breadth was not briefed.

**Injury to Defendants, and the Public Interest.** The monetary sanctions are unaffected. The declaration directive remains in force, so every emergency pendency motion LFLG files during the appeal will carry the Opinion and a sworn statement, which the Court found "especially critical" to keep in place as a deterrent. ECF No. 95 at 2. Defendants did not request the Docketing Directive and have identified no injury that it prevents, and the declaration directive does not. The Court's interest in informing other judges is a real one, and a stay defers it. But the deferral is bounded by an appeal that Movants will ask the Court of Appeals to expedite, and the public interest also favors appellate review of a sanction of this breadth before compliance makes that review an empty exercise.

**Alternative relief.** If the Court is not inclined to stay the Directive outright, the Movants ask in the alternative that the Court (a) limit the Directive, as *Enmon* contemplates, to pending cases in which LFLG has moved or moves for emergency pendency relief; (b) stay the Directive as to any court other than this District and the Eastern District of New York, the districts in which the Court's pattern findings were made; or (c) extend the compliance date to seven days after the Court rules on this motion, so that the Movants may present the question to the Court of Appeals under Fed. R. App. P. 8(a)(2).

**Clarification.** To ensure compliance, if required, Movants note two points. ECF No. 100 at 9 sets a fourteen-day deadline, but the Amended Opinion's decretal paragraph retains the original "[w]ithin thirty days." Am. Op. at 34. And ECF No. 100 at 9 omits the Amended Opinion's carve-out for cases "pending before the undersigned" and its proof-of-filing requirement. Movants treat the fourteen-day date as controlling and assume both provisions continue to apply.[4]

Movants will comply with whatever the Court orders. They request relief here first because the Rules require it and because the Court cannot grant the relief sought after the fact. A stay measured in weeks imposes no identified cost on Defendants and preserves for the Court of Appeals a question that compliance would otherwise answer for it.[5]

---

[4] Additionally, Movants ask the Court to clarify whether the Docketing Directive applies to cases pending before the Court of Appeals.

[5] Movants were ready to file this letter Tuesday afternoon but could not log onto the ECF filing system.

Respectfully submitted,

*Rory J. Bellantoni*

Rory J. Bellantoni, Esq. (RB2901)

cc: Nicholas R. Tambone, Esq. (via ECF)

The deadline for compliance with the Docketing Directive is hereby extended to one week from the date of this endorsement. No further extensions will be granted by this Court. Movants' other requests are DENIED, substantially for the reasons set forth in the DOE's response. See ECF No. 105. The Court confirms that the Amended Opinion's carve-out for cases pending before the undersigned and its proof-of-filing requirement both apply. Additionally, the carve-out is expanded to include the appeal from this case since it is part of the record in that matter.

In light of the foregoing, and substantially for the reasons offered by Defendants in opposing the request, Movants' request to file a reply is denied. See ECF No. 106.

The Clerk of Court is directed to terminate ECF No. 103.

SO ORDERED.

October 21, 2026